IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARRYL ANDERSON, : | |
|         Plaintiff, : | |
| : | |
| v. : | NO. 2:12-cv-03632-WY |
| : | |
| ROBERT McGRODY, : | |
|         Defendant. : | |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

     Defendant, Police Officer Robert McGrody, by and through the undersigned counsel, hereby submits the following Proposed Jury Instructions on substantive points on liability and damages. In addition, the defendant requests preliminary and general instructions from the Third Circuit Model Jury Instructions (2014) as follows:

     1.1 Introduction; Role of Jury

     1.2 Description of Case; Summary of Applicable Law

     1.3 Conduct of Jury

     1.4 Bench Conferences

     1.5 Evidence

     1.6 Direct and Circumstantial Evidence

     1.7 Credibility of Witnesses

     1.9 Note-Taking by Jurors

     1.10 Preponderance of the Evidence

     1.12 Description of Trial Proceedings

     2.1 Impeachment of Witness' Character for Truthfulness

     2.3  Stipulation of Testimony

     2.5 Use of Deposition

     2.9 Striking Evidence

2.11  Opinion Testimony

2.14 Recess Admonition

3.1 Deliberations

3.2 Number of Witnesses

                                              Respectfully Submitted:

                              BY:    */s/ Matthew K. Hubbard*
                                              Niya Blackwell
                                              Divisional Deputy City Solicitor
                                              Matthew Kevin Hubbard, Esquire
                                              Senior Attorney
                                              City of Philadelphia Law Department
                                              1515 Arch Street, 14th Floor
                                              Philadelphia, PA  19102-1595
                                              (215) 683-5391 (tel)
                                              (215) 683-5397 (fax)

Dated:  March 17, 2015                         *niya.blackwell@phila.gov*
                                              *matthew.hubbard@phila.gov*

1. **<u>ELEMENTS OF PLAINTIFF'S CLAIM UNDER 42 U.S.C. § 1983</u>**

The plaintiff must prove both of the following elements by a preponderance of the evidence:

First: The defendant acted under color of state law.

Second: While acting under color of state law, the defendant deprived the plaintiff of a federal constitutional right.

I will now give you more details on action under color of state law, after which I will tell you the elements the plaintiff must prove to establish the violations of his federal constitutional rights.

*MODEL CIVIL JURY INSTRUCTIONS, 4.3 Section 1983 Introductory Instruction  (U.S. COURT OF APPEALS, 3D CIR. 2014)*.

## 2. **SECTION 1983 – ACTION UNDER COLOR OF STATE LAW IS NOT IN DISPUTE**

Because the defendant was a police officer of the City of Philadelphia at the relevant time, I instruct you that he was acting under color of state law. In other words, this element of the plaintiff's claim is not in dispute, and you must find that this element has been established.

*MODEL CIVIL JURY INSTRUCTIONS, 4.4.1 Section 1983 Introductory Instruction  (U.S. COURT OF APPEALS, 3D CIR. 2014)*.

## 3. SECTION 1983 – DEPRIVATION OF A FEDERAL RIGHT

I have already instructed you on the first element of the plaintiff's claim, which require the plaintiff to prove that the defendant police officer acted under color of state law.

The second element of the plaintiff's claim is that the defendant deprived him of a federal constitutional right.

*MODEL CIVIL JURY INSTRUCTIONS, 4.5 Section 1983 Deprivation of a Federal Right  (U.S. COURT OF APPEALS, 3D CIR. 2014)*.

## 4. FOURTH AMENDMENT EXCESSIVE FORCE CLAIM

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested.  In other words, a law enforcement official may only use the amount of force necessary under the circumstances to make the arrest.  Every person has the constitutional right not to be subjected to excessive force while being arrested, even if the arrest is otherwise proper.

In this case, the plaintiff claims that the defendant used excessive force when he was arrested on July 1, 2010.  In order to establish that the defendant used excessive force, the plaintiff must prove both of the following by a preponderance of the evidence:

First:  The defendant intentionally committed certain acts.

Second: Those acts violated the plaintiff's Fourth Amendment right not to be subjected to excessive force.

In determining whether the defendant's acts constituted excessive force, you must ask whether the amount of force the defendant used was the amount which a reasonable officer would have used in making the arrest under similar circumstances.  You should consider all the relevant facts and circumstances (leading up to the time of the arrest) that the defendant reasonably believed to be true at the time of the arrest.  You should consider those facts and circumstances in order to assess whether there was a need for the application of force, and the relationship between that need for force, if any, and the amount of force applied.  The circumstances relevant to this assessment can include:

- the severity of the crime at issue;
- whether the plaintiff posed an immediate threat to the safety of the defendant or others;
- the possibility that the plaintiff was armed;

6

- whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

- the duration of the defendant's action; and

- whether the physical force applied was of such an extent as to lead to unnecessary injury.

The reasonableness of the defendant's acts must be judged from the perspective of a reasonable officer on the scene. The law permits the officer to use only that degree of force necessary to make the arrest. However, not every push or shove by a police officer, even if it may later seem unnecessary in the peace and quiet of this courtroom, constitutes excessive force. The concept of reasonableness makes allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are sometimes tense, uncertain, and rapidly evolving, about the amount of force that is necessary in a particular situation.

As I told you earlier, the plaintiff must prove that the defendant intended to commit the acts in question; but apart from that requirement, defendant's actual motivation is irrelevant. If the force the defendant used was unreasonable, it does not matter whether the defendant had good motivations. And an officer's improper motive will not establish excessive force if the force used was objectively reasonable.

What matters is whether the defendant's acts were objectively reasonable in light of the facts and circumstances confronting the defendant.

*MODEL CIVIL JURY INSTRUCTIONS, 4.9 SECTION 1983 – EXCESSIVE FORCE (INCLUDING SOME TYPES OF DEADLY FORCE) – STOP, ARREST, OR OTHER "SEIZURE" (U.S. COURT OF APPEALS, 3D CIR. 2014).*

5. **TORT CLAIMS ACT - GENERALLY**

The Political Subdivision Tort Claims Act, 42 Pa. C.S.A. §8541 et seq. (hereinafter the Act), governs when a municipality or its employees may be held liable for damages for injury to person or property. The Act grants a general blanket of immunity with eight narrowly construed exceptions.

See Act of Oct. 5, 1980, No. 142, P. L. 693, 42 Pa. C.S.A. § 8541 et seq.; Snyder v. Harmon, 562 A.2d 307 (Pa. 1989); Mascaro v. Youth Studies Center, 523 A.2d 1118 (Pa. 1987).

6. **TORT CLAIMS ACT: LIABILITY OF EMPLOYEE**

The Tort Claims Act provides that an employee of a municipality, such as a police officer, <u>may</u> be personally liable for tortious conduct, but only in limited circumstances.  An employee <u>may</u> be held liable <u>only</u> where his conduct constituted a "crime, actual fraud, actual malice, or willful misconduct."

<u>See</u> 42 Pa. C.S. § 8550.

7. **TORT CLAIMS ACT: WILLFUL MISCONDUCT**

"Willful misconduct" is conduct whereby the actor desired to bring about the result that followed, or at least was aware that it was substantially certain to follow.

This necessarily entails a finding of actual prior knowledge of the harm.  Importantly, the "willful misconduct" standard "necessarily entail[s] actual prior knowledge of the [plaintiff's] peril."  In effect "willful misconduct" means "willful misconduct aforethought."

See Kuzel v. Krause, 658 A.2d 856 (Pa. Commw. 1995); King v. Breach, 540 A.2d at 981 (Pa. Commw. ); Evans v. Philadelphia Transportation Company, 212 A.2d 440, 443 (Pa. 1965); Diaz v. Houck, 632 A.2d 1081, 1085-86 (Pa. Commw. 1993).  See also Williams v. City of Philadelphia, 569 A.2d 419 (Pa. Commw. 1990).

8. **TORT CLAIMS ACT – WILLFUL MISCONDUCT – KNOWLEDGE OF HARM**

Under Pennsylvania law, "willful misconduct" means that the actor desired to bring about the result that followed, or at least that he was aware that it was substantially certain to ensue. This, of course, would necessarily entail actual prior knowledge of the [harm].

Evans v. Philadelphia Transportation Company, 212 A.12d 440, 443 (Pa. 1965). See also Williams v. City of Philadelphia, 569 A.2d 419 (Pa. Commw. 1990).

Willful misconduct means that an officer's tortious behavior may be characterized as willful misconduct only when an officer subjectively intends to do something he or she knows is wrongful.

Renk v. City of Pittsburgh, 641 A.2d 289 (Pa. 1994); Fullard v. City of Philadelphia, No. CIV. A. 95-4949, 1996 WL 195388 (E.D. Pa., April 22, 1996).

9. **JUSTIFIED USE OF FORCE BY POLICE OFFICER**

      A police officer need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest.  He is justified in the use of any force which he believes to be necessary to effect the arrest and of any force which he believes to be necessary to defend himself or another from bodily harm while making the arrest.

18 PA. CONS. STAT. § 508 (a)(1).

**10. <u>ASSAULT AND BATTERY</u>**

An assault is an act done with the intent to put another in reasonable and immediate fear of a harmful or offensive contact with his or her body and that does, in fact, cause such fear.

To commit an assault, it is not necessary that the person actually intend to inflict a harmful or offensive contact with the body of another. It is enough that the person intend to cause only a fear of such contact.

In order for the defendant to be held responsible for the commission of an assault against the plaintiff, you must find:

> *First*, that the defendant intended to put the plaintiff in reasonable and immediate fear of a harmful or offensive contact with her body; and
>
> *Second*, that the plaintiff, as a result of the defendant's act, was put in reasonable and immediate fear of such contact.

Pa. SSJI (Civ) 17.10 (PBI 4th Ed.)

A battery is an act done with the intent to cause a harmful or offensive contact with the body of another and that directly results in the harmful or offensive contact with the body of another.

In order for the defendant to be held responsible for committing a battery against the plaintiff, you must find:

> *First*, that the defendant intended to cause a harmful or offensive contact with the body of the plaintiff or that the defendant intended to put the plaintiff in reasonable and immediate fear of a harmful or offensive contact with her body, and

*Second*, that the defendant's act directly resulted in a harmful or offensive contact with the plaintiff's body.

A body contact is offensive if it would offend a reasonable person's personal sense of dignity.

Pa. SSJI (Civ) 17.20 (4th Ed.).

As I instructed you earlier, under Pennsylvania law, you must also determine whether the actions of the officer constituted willful misconduct. Willful misconduct means that an officer's tortious behavior may be characterized as willful misconduct only when an officer subjectively intends to do something he or she knows is wrongful.

Renk v. City of Pittsburgh, 641 A.2d 289 (Pa. 1994); Fullard v. City of Philadelphia, 1996 WL 195388 (E.D. Pa., April 22, 1996).

**11. <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>**

A person who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress and for any bodily harm to the other that results from the emotional distress.

Extreme and outrageous conduct is that which goes beyond all possible bounds of decency and would be regarded as atrocious and utterly intolerable in a civilized community.

Emotional distress includes all highly unpleasant mental reactions such as fright, horror, and worry. Severe means that it is such that no reasonable person could be expected to endure it. In determining whether the emotional distress suffered by the plaintiff was severe, you may consider both the intensity of the distress and its duration.

If you find that the defendant conducted himself in an extreme and outrageous manner and that conduct intentionally or recklessly caused severe emotional distress to the plaintiff, you may compensate the plaintiff for this injury.

Pa. SSJI (Civ) 17.40 (4th Ed.).

As I instructed you earlier, under Pennsylvania law, you must also determine whether the actions of the officer constituted willful misconduct. Willful misconduct means that an officer's tortious behavior may be characterized as willful misconduct only when an officer subjectively intends to do something he or she knows is wrongful.

<u>Renk v. City of Pittsburgh</u>, 641 A.2d 289 (Pa. 1994); <u>Fullard v. City of Philadelphia</u>, 1996 WL 195388 (E.D. Pa., April 22, 1996).

**12. <u>COMPENSATORY DAMAGES</u>**

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the defendant should be held liable.

If you find the defendant liable, then you must consider the issue of compensatory damages. You must award the plaintiff an amount that will fairly compensate him for any injury he actually sustained as a result of the defendant's conduct.

The plaintiff must show that the injury would not have occurred without the defendant's act  The plaintiff must also show that the defendant's act played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of the defendant's act. There can be more than one cause of an injury. To find that the defendant's act caused the plaintiff's injury, you need not find that the defendant's act was the nearest cause, either in time or space. However, if the plaintiff's injury was caused by a later, independent event that intervened between the defendant's act and the plaintiff's injury, [the defendant is not liable unless the injury was reasonably foreseeable by the defendant.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. The plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

The plaintiff claims the following items of damages:

- Physical harm to the plaintiff during and after the events at issue, including ill health, physical pain, disability, disfigurement, or discomfort, and any such physical harm that he is reasonably certain to experience in the future. In assessing such harm, you should

16

consider the nature and extent of the injury and whether the injury is temporary or permanent.

- Emotional and mental harm to the plaintiff during and after the events at issue, including fear, humiliation, and mental anguish, and any such emotional and mental harm that he is reasonably certain to experience in the future.

The plaintiff has a duty under the law to "mitigate" his or her damages − that means that the plaintiff must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by the defendant.  It is the defendant's burden to prove that the plaintiff has failed to mitigate.  So if the defendant persuades you by a preponderance of the evidence that the plaintiff failed to take advantage of an opportunity that was reasonably available to him, then you must reduce the amount of the plaintiff's damages by the amount that could have been reasonably obtained if he had taken advantage of such an opportunity.

In assessing damages, you must not consider attorney fees or the costs of litigating this case.  Attorney fees and costs, if relevant at all, are for the court and not the jury to determine.  Therefore, attorney fees and costs should play no part in your calculation of any damages.

*MODEL CIVIL JURY INSTRUCTIONS, 4.8.1 SECTION 1983 – DAMAGES – COMPENSATORY DAMAGES (U.S. COURT OF APPEALS, 3D CIR. 2014).*

**13. <u>NOMINAL DAMAGES</u>**

If you return a verdict for the plaintiff, but the plaintiff has failed to prove compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred. However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

*MODEL CIVIL JURY INSTRUCTIONS, 4.8.1 SECTION 1983 – DAMAGES – NOMINAL DAMAGES (U.S. COURT OF APPEALS, 3D CIR. 2014).*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DARRYL ANDERSON,** : | |
|               **Plaintiff,** : | |
| : | |
|        **v.** : | **NO. 2:12-cv-03632-WY** |
| : | |
| **ROBERT McGRODY,** : | |
|               **Defendant.** : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below the foregoing Defendant's Proposed Jury Instructions has been filed on ECF and is available for viewing and downloading to Plaintiff's counsel of record.

Date: <u>March 17, 2015</u>           BY: <u>/s/ *Matthew K. Hubbard*</u>
                                                      Matthew Kevin Hubbard
                                                      Senior Attorney
                                                      Pa. Attorney ID No. 44110
                                                      City of Philadelphia Law Department
                                                      1515 Arch Street, 14th Floor
                                                      Philadelphia, PA 19102
                                                      (215) 683-5391 (tel)
                                                      (215) 683-5397 (fax)
                                                      *matthew.hubbard@phila.gov*