## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

DARRYL ANDERSON

                         Plaintiff,

       *v.*

OFFICER ROBERT McGRODY,

                       Defendant.

Civil Case No.:  12-3632

### PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

       Plaintiff Darryl Anderson, by and through the undersigned counsel, hereby submits the following Proposed Jury Instructions. In addition, the plaintiff requests preliminary and general instructions from the Third Circuit Model Jury Instructions (2014) as follows:

1.1 Introduction; Role of Jury
1.2 Description of Case; Summary of Applicable Law
1.3 Conduct of Jury
1.4 Bench Conferences
1.5 Evidence
1.6 Direct and Circumstantial Evidence
1.7 Credibility of Witnesses
1.9 Note-Taking by Jurors
1.10 Preponderance of the Evidence
1.12 Description of Trial Proceedings
2.3 Stipulation of Testimony
2.5 Use of Deposition
2.9 Striking Evidence
2.10 Evidence Admitted for a Limited Purpose
2.11 Opinion Testimony
2.14 Recess Admonition
3.1 Deliberations
3.2 Number of Witnesses

       In addition, the plaintiff agrees with the defendant as to its proposed instructions as to elements of the Section 1983 claim, action under color of state law not in dispute,

1

deprivation of a federal right, and Fourth Amendment excessive force claim (numbers 1-4 in defendant's proposed instructions), all of which are Third Circuit model instructions. The plaintiff also agrees to the defendant's proposed instructions as to compensatory and nominal damages (numbers 12 and 13 in defendant's proposed instructions), as they are also Third Circuit model instructions.

The plaintiff does not agree with the remainder of the defendant's proposed instructions, and proposes the following instructions instead.

### 1.   Assault (Pa. SSJI (Civ.) 17.10)
An assault is an act done with the intent to put another in reasonable and immediate fear of a harmful or offensive contact with his or her body and that does, in fact, cause such fear.

To commit an assault, it is not necessary that the person actually intend to inflict a harmful or offensive contact with the body of another. It is enough that the person intend to cause only a fear of such contact.

In order for the defendant to be held responsible for the commission of an assault against the plaintiff, you must find:

*First*, that the defendant intended to put the plaintiff in reasonable and immediate fear of a harmful or offensive contact with his body; and

*Second*, that the plaintiff, as a result of the defendant's act, was put in reasonable and immediate fear of such contact.

### 2.   Battery (Pa. SSJI (Civ.) 17.20)
A battery is an act done with the intent to cause a harmful or offensive contact with the body of another or an act done with the intent to put another in reasonable and immediate fear of a harmful or offensive contact with his or her body and that directly or indirectly results in the harmful or offensive contact with the body of another.

In order for the defendant to be held responsible for committing a battery against the plaintiff, you must find:

*First*, that the defendant intended to cause a harmful or offensive contact with the body of the plaintiff or that the defendant intended to put the plaintiff in reasonable and immediate fear of a harmful or offensive contact with his body, and

*Second*, that the defendant's act directly or indirectly resulted in a harmful or offensive contact with the plaintiff's body.

A body contact is offensive if it would offend a reasonable person's personal sense of dignity.

### 3. Intentional Infliction of Emotional Distress (Pa. SSJI (Civ.) 17.40)

A person who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress and for any bodily harm to the other that results from the emotional distress.

Extreme and outrageous conduct is that which goes beyond all possible bounds of decency and would be regarded as atrocious and utterly intolerable in a civilized community.

Emotional distress includes all highly unpleasant mental reactions such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, and worry. Severe means that it is such that no reasonable person could be expected to endure it. In determining whether the emotional distress suffered by the plaintiff was severe, you may consider both the intensity of the distress and its duration.

If you find that the defendant conducted <u>himself</u> in an extreme and outrageous manner and that conduct intentionally or recklessly caused severe emotional distress to the plaintiff, you may compensate the plaintiff for this injury.

### 4. Punitive Damages (*MODEL CIVIL JURY INSTRUCTIONS, 4.8.3 SECTION 1983 (U.S. COURT OF APPEALS, 3D CIR. 2014)*)

In addition to compensatory or nominal damages, you may consider awarding <u>plaintiff</u> punitive damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future. Where appropriate, the jury may award punitive damages even if the plaintiff suffered no actual injury and so receives nominal rather than compensatory damages. \You may only award punitive damages if you find that <u>defendant</u> acted maliciously or wantonly in violating <u>plaintiff's</u> federally protected rights.

A violation is malicious if it was prompted by ill will or spite towards the plaintiff. A defendant is malicious when <u>he</u> consciously desires to violate federal rights of which <u>he</u> is aware, or when <u>he</u> consciously desires to injure the plaintiff in a manner <u>he</u> knows to be unlawful. A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that a defendant had a conscious desire to violate rights or injure plaintiff unlawfully.

A violation is wanton if the person committing the violation recklessly or callously disregarded the plaintiff's rights.

If you find that it is more likely than not that <u>defendant</u> acted maliciously or wantonly in violating <u>plaintiff's</u> federal rights, then you may award punitive damages.  However, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.  I will now discuss some considerations that should guide your exercise of this discretion.  But remember that you cannot award punitive damages unless you have found that <u>defendant</u> acted maliciously or wantonly in violating <u>plaintiff's</u> federal rights.

If you have found that <u>defendant</u> acted maliciously or wantonly in violating <u>plaintiff's</u> federal rights, then you should consider the purposes of punitive damages.  The purposes of punitive damages are to punish a defendant for a malicious or wanton violation of the plaintiff's federal rights, or to deter the defendant and others like the defendant from doing similar things in the future, or both.  Thus, you may consider whether to award punitive damages to punish <u>defendant</u>.  You should also consider whether actual damages standing alone are sufficient to deter or prevent <u>defendant</u> from again performing any wrongful acts <u>he</u> may have performed.  Finally, you should consider whether an award of punitive damages in this case is likely to deter other persons from performing wrongful acts similar to those <u>defendant</u> may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award.  That is, in deciding the amount of punitive damages, you should consider the degree to which <u>defendant</u> should be punished for <u>his</u> wrongful conduct toward <u>plaintiff</u>, and the degree to which an award of one sum or another will deter <u>defendant</u> or others from committing similar wrongful acts in the future.

In considering the purposes of punishment and deterrence, you should consider the nature of the defendant's action.  For example, you are entitled to consider <u>whether a defendant's act was violent or non-violent; whether the defendant's act posed a risk to health or safety; and whether the defendant engaged in repeated misconduct, or a single act</u>.  You should also consider the amount of harm actually caused by the defendant's act, and the harm that could result if such acts are not deterred in the future.

 The extent to which a particular amount of money will adequately punish a defendant, and the extent to which a particular amount will adequately deter or prevent future misconduct, may depend upon the defendant's financial resources.  Therefore, if you find that punitive damages should be awarded against <u>defendant</u>, you may consider the financial resources of <u>defendant</u> in fixing the amount of such damages.

Respectfully submitted,

**The O'Hanlon Law Firm, P.C.**

/s//

_____

STEPHEN T. O'HANLON, ESQ.

DATE:  March 19, 2015

**CERTIFICATE OF SERVICE**

I, Stephen T. O'Hanlon, Esquire, hereby certify that the above proposed jury instructions have been filed with the Court's electronic filing system and will be served upon the Solicitor of the City of Philadelphia, Civil Rights Unit, by opt-in electronic service via the court's electronic filing system, attorneys Matthew Hubbard and Niya Blackwell.

**The O'Hanlon Law Firm, P.C.**

/s//

_____

STEPHEN T. O'HANLON, ESQ.

March 19, 2015

**The O'Hanlon Law Firm, P.C.**
BY:  Stephen T. O'Hanlon, Esquire
PA Supreme Court ID #208428
2 Penn Center Plaza, Suite 1850
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel:  (267) 546-9066
Fax: (215) 567-1998
steve@ohanlonlawfirm.com
Attorney for Plaintiff